# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### SEPTEMBER 1997 SESSION

FILED

October 17, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9611-CR-00418 |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | |
| | ) | HON. CHRIS CRAFT, JUDGE |
| WILBERT K. ROGERS | ) | |
| (A.K.A. PERSON ROGERS), | ) | (Second degree murder) |
| | ) | |
| Appellant. | ) | |

FOR THE APPELLANT:

**A. C. WHARTON, JR.**
Shelby County Public Defender

**WALKER GWINN** (On appeal)
**TONY N. BRAYTON** (At trial)
Assistant Public Defenders
201 Poplar Ave.
Suite 201
Memphis, TN 38103

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General and Reporter

**SARAH M. BRANCH**
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

**WILLIAM GIBBONS**
District Attorney General

**AMY WEIRICH**
Assistant District Attorney General
201 Poplar Ave.
Suite 301
Memphis, Tennessee 38103

OPINION FILED: _____

AFFIRMED

**JOE G. RILEY,**
**JUDGE**

_____ **OPINION**

Defendant was convicted by a Shelby County jury of second degree murder and sentenced to thirty-three (33) years as a Range II, Multiple Offender. Defendant brings one issue for our review: whether the judgment should be modified to criminal attempt to commit murder because the victim's death did not occur within a year and a day of the alleged mortal wound. We find that the Criminal Sentencing Reform Act of 1989 abolished this common law defense and affirm the judgment of the trial court.

## FACTS

Although the sufficiency of the evidence is not at issue, a review of the facts is instructive. Lisa Sledge, paramour of the victim, James Bowdery, testified that on May 6, 1994, she had been entertaining the victim during the afternoon of the incident when the defendant arrived to do his laundry, a standard practice. Sledge, Bowdery, and the defendant played cards and drank until about 8:00 p.m. Sledge and Bowdery went to sleep in the upstairs bedroom. Defendant was asleep on the downstairs sofa. At some point before daybreak, the defendant came into the bedroom asking where his money was, stabbed the victim with a butcher knife, and left. Ms. Sledge called 9-1-1.

Dr. Jerry T. Francisco, a pathologist, testified at trial. Although the victim did not die until August 7, 1995, Dr. Francisco attributed the cause of death to the wounds sustained on May 7, 1994. His review of the medical records showed that Bowdery was stabbed in the heart, which caused the heart to stop. As a result, he developed cerebral hypoxia. This deprivation of oxygen to the brain caused him to become comatose. He remained in this vegetative state and developed a kidney infection, which is not unusual for such patients. He died on August 7, 1995, approximately sixteen (16) months after the defendant had wounded him.

Defendant presented no proof.

## COMMON LAW DEFENSE

2

The sole issue on appeal is whether the second degree murder conviction must be modified since the victim did not die within a year and a day of the infliction of the mortal wound. The "year-and-a-day rule" was the common law requirement. *See* Percer v. State, 118 Tenn. 765, 103 S.W. 780 (1907); Cole v. State, 512 S.W.2d 598 (Tenn. Crim. App. 1974).

This Court has considered this question previously in State v. Ruane, 912 S.W.2d 766, 774 (Tenn. Crim. App. 1995), and held the Criminal Sentencing Reform Act of 1989 abolished common law defenses. Affirmative defenses are listed by statute, and the "year-and-a-day rule" is not listed among those defenses now available. Id.; Tenn. Code Ann. § 39-11-204. Furthermore, Tenn. Code Ann. § 39-11-203(e)(2) specifically abolishes all common law defenses. We, therefore, conclude the "year-and-a-day rule" defense is no longer viable in Tennessee.

Defendant's contention that the abolition of this defense is an ex post facto violation is also without merit. Tenn. Code Ann. § 39-11-203 went into effect in 1989. The mortal wound was inflicted in 1994.

## CONCLUSION

The judgment of the trial court is affirmed in all respects.

_____
_____JOE G. RILEY, JUDGE

**CONCUR:**

3

_____

**JOE B. JONES, PRESIDING JUDGE**


_____

**DAVID H.  WELLES, JUDGE**