# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### June 22, 2010 Session

## STATE OF TENNESSEE v. WADE TYLER

### Appeal from the Circuit Court for Rutherford County
### No. F-61026   Don Ash, Judge

---

### No. M2009-01762-CCA-R3-CD - Filed January 21, 2011

---

Appellant, Wade Tyler, was indicted by the Rutherford County Grand Jury for one count of rape, one count of incest, and one count of statutory rape by an authority figure. Appellant was convicted by a jury and sentenced to eight years for the rape conviction, four years for the incest conviction, and four years for the statutory rape by an authority figure conviction. The sentences for rape and incest were ordered to be served concurrently. The sentence for statutory rape by an authority figure was ordered to be served consecutively to the sentence for rape, for a total effective sentence of twelve years. After the denial of a motion for new trial, this appeal ensued. On appeal, the following issues are presented for our review: (1) whether the evidence is sufficient to support the convictions; (2) whether the trial court erred by refusing to allow cross-examination of the victim about specific instances of conduct; (3) whether the trial court improperly imposed consecutive sentencing; and (4) whether the indictment was defective. After a review of the record and applicable authorities, we determine that the evidence was sufficient to support the convictions and that the trial court properly ordered consecutive sentencing. Further, we determine that the trial court properly refused to allow cross-examination of the victim about specific instances of conduct and that the indictment was sufficient to inform Appellant of the charges against him. However, because we have identified several discrepancies in the record, we remand the matter for correction of the judgment form for statutory rape by an authority figure. Accordingly, the judgments of the trial court are affirmed and the matter is remanded.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed and Remanded.

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and J.C. MCLIN, JJ., joined.

Jerry Scott, Murfreesboro, Tennessee, for the appellant, Wade Tyler.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; William C. Whitesell, Jr. , District Attorney General, and Laural Hememway, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTUAL BACKGROUND

The evidence at trial revealed that, at the time of the incidents that gave rise to the indictment, Appellant lived in Rutherford County with his wife, J.T., his fifteen-year-old daughter, the victim, and two other children.[1] In August of 2006, Appellant took the victim to Walmart to buy school supplies. According to the victim, the supplies were purchased with her own money. When the two left the store, Appellant offered to repay half of the money to the victim in exchange for a "hookup." The victim declined the offer. Appellant then rubbed her leg. The victim suggested that Appellant ask his wife to fulfill his requests. Appellant responded that "it's not the same."

Appellant and the victim returned home after the shopping trip to Walmart. The victim went to her room. Sometime later, the victim asked Appellant for her prescription medication.[2] Appellant brought the medication to the victim's room. Appellant knocked on the door. The victim answered the door, and Appellant pushed his way inside. Appellant turned out the lights, turned off the television, and pulled off the victim's pajama pants. Appellant then forced the victim to remove her underpants. Appellant performed cunnilingus on the victim and later inserted his penis into her vagina. The victim cried during the encounter. Her stepmother was asleep in another bedroom, and her stepbrother was in his bedroom, a converted garage, at the time.

Later that same month, the victim was watching television when Appellant came to sit next to her on the couch. Appellant asked the victim if she wanted to "do something later." The victim refused and went to her room. Appellant later went to the victim's room and told her that they needed to talk outside. The victim followed Appellant to a shed in the backyard. Once inside the shed, Appellant forced the victim to perform oral sex by placing his penis in her mouth. Appellant then had sexual intercourse with the victim before

---

[1] It is the policy of this Court to protect the identity of minor victims of sexual abuse. We have chosen to refer to Appellant's daughter herein as "the victim" and to refer to other family members by their initials in order to protect her identity.

[2] The type of medication taken by the victim does not appear to be included in the record.

ejaculating in her mouth. The victim spit out the ejaculate as she was walking back to the house from the shed. The victim later recorded these events in her personal diary.

The victim's stepmother, J.T., took her to speak with authorities. She thought it "would make us look better if we were the ones that brought [the victim] up [to talk with authorities]." During the investigation, authorities collected a comforter from the victim's bed as well as the victim's diary. Later, DNA samples were taken from Appellant and the victim. Appellant's wife refused to provide a DNA sample for the investigation.

During the investigation, the comforter was analyzed. It revealed multiple semen stains. However, only one single sperm cell was present in the semen. Analyst Katherine Butler opined that the contributor of the sperm had a vasectomy. This would explain the lack of sperm in the semen stains. During the analysis, partial DNA profiles were created from the genetic materials recovered from the comforter. Three distinct individuals were identified. For one of the profiles, greater than 99 percent of the population could be excluded except for Appellant. For another profile, greater than 99 percent could be excluded but could not exclude the victim. The remaining profile was the least present of the three.

Appellant testified at trial and vehemently denied touching his daughter. Appellant claimed that he "never touched [his daughter] in a way that a parent wouldn't touch a child." Appellant admitted that his semen was on the comforter and acknowledged that he had a vasectomy in 2002. Appellant also admitted that since the indictment he had given up parental rights to the victim.

Appellant's ex-wife testified that the victim lived with her for a few months when she was thirteen. She testified that the victim had a reputation for untruthfulness but that she expected "any child and any adult to lie." The victim's reputation for untruthfulness was testified to by Appellant's ex-wife's fiancé as well as Appellant's stepson and Appellant's wife.

At the conclusion of the jury trial, Appellant was convicted of rape, incest, and rape by an authority figure. The trial court sentenced Appellant to eight years for rape, four years for incest, and four years for rape by an authority figure. The trial court ordered Appellant to serve the sentence for rape concurrently to the sentence for incest. The trial court also ordered Appellant to serve the sentence for rape by an authority figure consecutively to the sentence for rape, for a total effective sentence of twelve years.

Appellant filed a motion for new trial. The trial court denied the motion after a hearing. Appellant filed a timely notice of appeal. On appeal, Appellant challenges the

sufficiency of the evidence, his sentence, and the trial court's decision regarding the admissibility of evidence regarding the victim's character.

*Analysis*

*Specific Instances of Conduct of the Victim*

On appeal, Appellant argues that the trial court erred by refusing to allow defense counsel to cross-examine the victim about her prior accusations of rape against Appellant. Specifically, Appellant argues that because the only evidence came from Appellant and the victim, it was "incumbent upon the trial judge to insure that matters which may be damaging to the reputation of either party involved in the acts under consideration [to] be fully aired." The State argues that the trial court acted within its discretion.

Specific instances of conduct of a witness for the purpose of attacking the witness's character for truthfulness, other than criminal convictions as set forth in Tennessee Rule of Evidence 609, are not admissible as extrinsic evidence. However, Tennessee Rule of Evidence 608(b) allows a party to ask a witness about specific instances of conduct that are probative of the witness's untruthfulness in order to attack the credibility of the witness. The trial court must first determine that the alleged conduct has probative value and that there is a reasonable factual basis for the inquiry. *See* Tenn. R. Evid. 608(b)(1). The trial court must also determine that "the probative value of the evidence, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Tenn. R. Evid. 608(b)(2). The trial court's ruling will only be disturbed upon a finding of an abuse of discretion. *See State v. Roberts*, 943 S.W.2d 403, 408 (Tenn. Crim. App. 1996), *overruled on other grounds by State v. Ralph*, 6 S.W.3d 251, 257 (Tenn. 1999).

In the case herein, the record reflects that Appellant sought to introduce evidence of prior false allegations of molestation. Specifically, during a jury-out hearing, Appellant proffered the testimony of R.W., who claimed that the victim told her that she told Appellant's ex-wife that "my daddy had messed with me, but he didn't" in an attempt to interfere with Appellant's marriage to his third wife, J.T. R.W. admitted that she had no first-hand knowledge of the allegations. Appellant also proffered the testimony of D.H., the victim's stepsister, who claimed that the victim stole jewelry and money from her when she was ten years old. The trial court excluded the testimony on the basis that the theft was irrelevant and that R.W. had no personal knowledge of the false accusations.

We determine that the trial court did not abuse its discretion. The record indicates that R.W. had no personal knowledge of the allegedly false accusations made by the victim. Further, Appellant was later able to introduce the testimony of at least four witnesses who

testified about the victim's reputation for being untruthful. Appellant is not entitled to relief on this issue.

## *Sufficiency of the Evidence*

Appellant next claims that the evidence is insufficient to support the convictions. Specifically, Appellant claims that "the absence of more DNA attributable to [Appellant]" and the fact that the analyst that testified at trial was "not the technician who actually examined the DNA samples" has the effect of "mak[ing] the verdict suspect."[3]  In other words, Appellant asks this Court to reweigh the DNA evidence presented by the State. The State contends that this Court "may not reweigh evidence presented at trial" and that the evidence is more than sufficient to establish Appellant's guilt.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994); *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." *State v. Tuggle*, 639 S.W. 2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. *Id.* The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. *See* Tenn. R. App. P. 13(e); *Harris*, 839 S .W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." *See Tuggle*, 639 S.W.2d at 914. As such, this Court is precluded from reweighing or reconsidering the evidence when evaluating the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." *Matthews*, 805 S.W.2d at 779. Further, questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990).

---

[3]Appellant does not allege or argue that this procedure violated his confrontation rights under the sixth Amendment to the United States Constitution. *See e.g. Melendez-Diaz v. Massachusetts*, __ U.S. __, 129 S. Ct. 2527 (2009).

At the outset, Appellant requests that this Court reweigh the DNA evidence. He argues that the DNA evidence was not tested for its reliability and trustworthiness and urges this Court to take a "fresh look" at the DNA testing herein. As an appellate court, we are unable to reweigh or reevaluate the evidence presented at trial as the jury is the sole trier of fact. *State v. Evans*, 108 S.W.3d 231, 236 (Tenn. 2003).

### *A. Rape*

Rape is the "unlawful sexual penetration of a victim by the defendant or of the defendant by the victim" accomplished through force or coercion or without the consent of the victim." T.C.A. § 39-13-503. "Sexual penetration" is "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of the victim's, the defendant's, or any other person's body, but emission of semen is not required . . . ." T.C.A. § 39-13-501(7).

The evidence at trial, when taken in a light most favorable to the State, shows that Appellant entered the victim's bedroom and removed her pants and underwear against her will. Appellant then performed cunnilingus on the victim and inserted his penis into her vagina. The DNA on the comforter did not exclude Appellant as the contributor. The jury accredited the testimony of the victim. This is an issue that is resolved by the trier of fact and not the appellate courts. *Pruett*, 788 S.W.2d at 561. The evidence was sufficient to support the rape conviction. Appellant is not entitled to relief on this issue.

### *B. Incest*

Incest occurs when a person "engages in sexual penetration . . . , with a person, knowing the person to be, . . . [t]he person's natural . . . child . . . ." The proof at trial indicated that Appellant had sexual intercourse with the victim, his daughter, in a shed in the backyard. The jury accredited the testimony of the victim. The proof was sufficient to support the conviction. Appellant is not entitled to relief on this issue.

### *C. Statutory Rape by an Authority Figure*

Tennessee Code Annotated section 39-13-532 states:

(a) Statutory rape by an authority figure is the unlawful sexual penetration of a victim by the defendant or the defendant by the victim when:

(1) The victim is at least thirteen (13) but less then eighteen (18) years of age;

(2) The defendant is at least four (4) years older than the victim; and

(3) The defendant was at the time of the offense in a position of trust, or had supervisory or disciplinary power over the victim by virtue of the defendant's legal, professional or occupational status and used the position of trust or power to accomplish the sexual penetration; or

(4) The defendant had, at the time of the offense, parental or custodial authority over the victim and used the authority to accomplish the sexual contact.

There is no dispute in the case herein that Appellant was the victim's father. Appellant contends that he did not touch or do anything to the victim. The victim, on the other hand, recounted an episode during which Appellant performed cunnilingus on her and she was forced to perform fellatio on him. Again, the jury accredited the testimony of the victim. We are unable to reweigh the evidence. The evidence was sufficient to support this conviction. Appellant is not entitled to relief on this issue.

*Sentencing*

Appellant argues that the trial court erred in ordering consecutive sentencing. Appellant also contends that the trial court erred by denying probation but concedes that statutory rape by an authority figure is a not an offense that is eligible for probation.

"When reviewing sentencing issues . . . , the appellate court shall conduct a de novo review on the record of the issues. The review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." *Ashby*, 823 S.W.2d at 169.

At the outset, we note that Appellant's argument with regard to probation has no merit. He conceded in his brief that statutory rape by an authority figure is a crime for which probation is not an option. This issue is without merit.

Appellant also challenges the imposition of consecutive sentences. A trial court may impose consecutive sentences upon a determination that one or more of the criteria set forth

in Tennessee Code Annotated section 40-35-115(b) exists.  This section permits the trial court to impose consecutive sentences if the court finds, among other criteria, that:

> (1) The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood;
>
> (2) The defendant is an offender whose record of criminal activity is extensive;
>
> (3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;
>
> (4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;
>
> (5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;
>
> (6) The defendant is sentenced for an offense committed while on probation; or
>
> (7) The defendant is sentenced for criminal contempt.

T.C.A. § 40-35-115(b).  When imposing a consecutive sentence, a trial court should also consider general sentencing principles, which include whether or not the length of a sentence is justly deserved in relation to the seriousness of the offense.  *See State v. Imfeld*, 70 S.W.3d 698, 708 (Tenn. 2002).  The imposition of consecutive sentencing is in the discretion of the trial court. *See State v. Adams*, 973 S.W.2d 224, 230-31 (Tenn. Crim. App. 1997).

Appellant was convicted of rape, a Class B felony; incest, a Class C felony; and statutory rape by an authority figure, a Class C felony.

In this case, the trial court based the imposition of consecutive sentencing on Tennessee Code Annotated section 40-35-115(b)(5), more than two convictions of offenses involving child sexual abuse. After making it clear that the trial court had considered the evidence at trial and sentencing as well as the presentence report, the principles of sentencing, the nature and characteristics of the criminal conduct involved, the mitigating factors, sentencing practices in Tennessee, the Appellant's statements on his presentence report and the potential for rehabilitation, the trial court made the following statement with regard to consecutive sentencing:

> I'm going to find that this is an appropriate case for consecutive sentencing. In looking at that I'm considering the factor that the defendant is convicted of two or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the victim and victims as well as the other elements there. Based upon that consecutive to the rape charge I'm going to run concurrent the incest charge but consecutive the statutory rape by authority figure.

Rule 32(c)(1) of the Tennessee Rules of Criminal Procedure requires that a trial court specify the reasons for imposing a consecutive sentence. Appellant complains that the trial court failed to do so. As stated above, Tennessee Code Annotated section 40-35-115(b)(5) requires a trial court to consider "the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims; . . . ."

In our review, we determine that the trial court herein considered the criteria of Tennessee Code Annotated section 40-35-115(b)(5) prior to the imposition of consecutive sentences and stated those reasons on the record. The trial court did not abuse its discretion. The effective sentence of twelve years is appropriate for the crimes committed by Appellant. This issue is without merit.

*Validity of Indictment*

As part of his argument with regard to sentencing, Appellant suggests that the indictment charging him with statutory rape by an authority figure is defective and should be dismissed. Specifically, Appellant claims that the "statute allegedly violated was Tenn. Code Ann. § 39-13-530, an unrelated statute listed on the judgment document and signed by the judge."

The State correctly points out that this issue has not been raised by Appellant prior to this appeal. When an issue is raised for the first time on appeal, it is typically waived. *State v. Alvarado*, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996). We note a number of discrepancies in the record during our review that warrant examination. For example, the indictment for count three states that Appellant:

> [D]id have unlawful sexual penetration with [the victim], a person at the time of the offense, thirteen (13) years of age or older, but less than eighteen (18) years of age and [Appellant] had, at the time of the offense, parental or custodial authority over the victim and used such authority to accomplish the sexual penetration, in violation of T.C.A. 39-13-527.

The indictment uses the correct language in alleging the charge of statutory rape by an authority figure, but the statute code number is incorrect. Specifically, count three cites the statutory number for sexual battery by an authority figure, Tennessee Code Annotated § 39-13-527, rather than statutory rape by an authority figure, Tennessee Code Annotated § 39-13-531. Nothing requires that an indictment reference the particular code section that establishes the offense, and the reference to the statute is mere surplusage. *Cole v. State*, 512 S.W.2d 598, 601-02 (Tenn. Crim. App. 1974). Additionally, a clerical error on an indictment does not render an indictment void as long as the indictment correctly states the offense. *Id.* Therefore, the indictment herein, while containing a clerical error, is valid.

Additionally, we note that the judgment form for count three reflects that Appellant was convicted of statutory rape by an authority figure, in violation of Tennessee Code Annotated section 39-13-530. The judgment form indicates that this conviction is a Class D felony. Again, statutory rape by an authority figure is found at Tennessee Code Annotated section 39-13-532. It is a Class C felony, with a sentencing range of three to six years.[4] Therefore, the judgment form should be corrected to indicate the proper statute of conviction and the proper class of felony for statutory rape by an authority figure. Accordingly, the matter must be remanded to the trial court for entry of a corrected judgment form.

---

[4]While the judgment form improperly reflects that Appellant was convicted of a Class D felony, he was properly sentenced to the range applicable to a conviction of a Class C felony, three to six years. *See* T.C.A. § 40-35-112(a)(3).

*Conclusion*

For the foregoing reasons, the matter is remanded to the trial court for entry of a corrected judgment.  In all other respects, the judgments of the trial court are affirmed.


_____
JERRY L. SMITH, JUDGE