# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT KNOXVILLE
Assigned on Briefs August 22, 2012

## TRAVIS JAY WOODS v. DAVID OSBORNE, WARDEN

**Appeal from the Criminal Court of Morgan County**
**No. 2011-CR-100     E. Eugene Eblen, Judge**

_____

**No. E2012-00681-CCA-R3-HC - Filed August 23, 2012**

_____

Travis Jay Woods ("the Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus, alleging that the indictment underlying his conviction of attempted first degree premeditated murder contains a fatal variance entitling him to habeas corpus relief.  The habeas corpus court summarily dismissed the Petitioner's claim for relief.  The Petitioner has appealed.  We affirm the habeas corpus court's ruling.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment**
**of the Criminal Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P. J., and ALAN E. GLENN, J., joined.

Travis Jay Woods, pro se, Wartburg, Tennessee, appellant.

Robert E. Cooper, Jr., Attorney General & Reporter; John H. Bledsoe, Senior Counsel, for the appellee, State of Tennessee.

## OPINION

A jury convicted the Petitioner of attempted first degree premeditated murder, committed in 1998.  Judgment was entered in May 2000.  This Court affirmed the Petitioner's conviction on direct appeal, see State v. Travis J. Woods, No. E2001-01027-CCA-R3-CD, 2003 WL 21663682, at *1 (Tenn. Crim. App. July 16, 2003), and affirmed the subsequent denial of post-conviction relief, see Travis J. Woods v. State, No. E2007-02379-CCA-R3-PC, 2009 WL 723522, at *1 (Tenn. Crim. App. Mar. 18, 2009). In December 2011, the Petitioner filed, pro se, a petition for writ of habeas corpus, alleging that he is entitled to relief because of a "[f]atal variance" between his indictment and his conviction.  The State responded with a motion to dismiss, which the habeas corpus court granted without a hearing.  Based on our review of the record, we affirm the habeas corpus court's decision.

The decision to grant habeas corpus relief is a question of law, and, thus, our Court's standard of review is de novo, with no presumption of correctness. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000); Killingsworth v. Ted Russell Ford, Inc., 205 S.W.3d 406, 408 (Tenn. 2006)).

Under the United States and Tennessee Constitutions, a convicted criminal enjoys the right to pursue habeas corpus relief. U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15. Tennessee statute, however, has governed this right for over a century. See Ussery v. Avery, 432 S.W.2d 656, 657 (Tenn. 1968); Tenn. Code Ann. § 29-21-101 (Supp. 2009) ("Any person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint.").

In Tennessee, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Moreover, "the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer v. State, 851 S.W.2d 157, 161-64 (Tenn. 1993)). On the other hand, "a voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes, 978 S.W.2d at 529). A petitioner must prove that his or her judgment is void or sentence has expired by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

As pointed out by the State in its motion to dismiss and in its brief to this Court, the cover of the indictment returned against the Petitioner states "Attempt First Degree Murder Tennessee Code Annotated 39-13-103 (Class A Felony)." However, Tennessee Code Annotated section 39-13-103 defines the offense of reckless endangerment. See Tenn. Code Ann. § 39-13-103 (1997). Nevertheless, the actual count with which the Petitioner was charged provides as follows:

> The Grand Jurors for the State aforesaid, being duly summoned, elected, impaneled, sworn and charged to inquire for the body of the County aforesaid, upon their oaths present:
>
> That Travis Jay Woods heretofore on December 4, 1998, in the County aforesaid, did unlawfully, intentionally and with premeditation attempt to kill

Kevin Cameron, in violation of Tennessee Code Annotated 39-12-101, against the peace and dignity of the State.

The offense of first degree premeditated murder is defined as the "premeditated and intentional killing of another." Tenn. Code Ann. § 39-13-202(a)(1) (Supp. 1998). Tennessee Code Annotated section 39-12-101 sets forth the offense of criminal attempt. Id. § 39-12-101 (1997).

We acknowledge the discrepancy between the cover of the indictment and the actual charge as set forth in the indictment. We also acknowledge that the count charging attempted first degree premeditated murder does not refer to the statute setting forth the offense of first degree premeditated murder. We, however, agree with the State and the habeas corpus court that these facts do not entitle the Petitioner to habeas corpus relief.

"[T]he validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the trial court of jurisdiction." Dykes, 978 S.W.2d at 529. However, so long as the indictment "performs its essential constitutional and statutory purposes," habeas corpus relief is not warranted. Id. (citing State v. Hill, 954 S.W.2d 725, 729 (Tenn. 1997)). An indictment passes constitutional muster when it provides (1) notice of the charge against which the accused must defend himself; (2) an adequate basis for the entry of a proper judgment; and (3) protection of the accused from double jeopardy. Hill, 954 S.W.2d at 727. And, an indictment satisfies statutory requirements when it

> state[s] the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment[.]

Tenn. Code Ann. § 40-13-202 (1997).

The instant indictment satisfied all of these criteria. The count alleging attempted first degree premeditated murder set forth in text the essential elements of the offense and referred to the attempt statute. The reference to the reckless endangerment statute on the cover sheet was, at most, harmless surplusage. See, e.g., State v. Wade Tyler, No. M2009-01762-CCA-R3-CD, 2011 WL 300145, at *8 (Tenn. Crim. App. Jan. 21, 2011), perm. app. denied (Tenn. Aug. 5, 2011) (recognizing that "a clerical error on an indictment does not render an indictment void as long as the indictment correctly states the offense") (citing Cole v. State, 512 S.W.2d 598, 601-02 (Tenn. Crim. App. 1974)). Accordingly, the Petitioner is not

entitled to habeas corpus relief. Therefore, we affirm the judgment of the habeas corpus court summarily dismissing the Petitioner's claim for habeas corpus relief.


_____

JEFFREY S. BIVINS, JUDGE