IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 26, 2014

## MICHAEL ANTHONY LEWIS v. SHARON TAYLOR, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. CC-13-CV-109     Stacy Street, Judge**

_____

**No. E2013-02492-CCA-R3-HC - Filed May 13, 2014**

_____

Michael Anthony Lewis ("the Petitioner") filed a petition for a writ habeas corpus regarding his conviction for attempt to commit first degree premeditated murder. The habeas corpus court summarily dismissed the petition, and this appeal followed. Upon our thorough review of the record and applicable law, we affirm the habeas corpus court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment**
**of the Criminal Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and ROGER A. PAGE, JJ., joined.

Michael Anthony Lewis, pro se, Mountain City, Tennessee, as the appellant.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel Harmon, Senior Counsel, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

In 2001, the Petitioner shot a police officer five times while the officer was attempting to apprehend him. A jury convicted the Petitioner of criminal attempt to commit first degree premeditated murder, and the trial court sentenced the Petitioner to sixty years' incarceration. See State v. Michael Anthony Lewis, No. M2005-02279-CCA-R3-CD, 2006 WL 2738160, at *1 (Tenn. Crim. App. Sept. 26, 2006), perm. app. denied (Tenn. Jan. 29, 2007). This Court affirmed the Petitioner's conviction on direct appeal. See id. at *10. In this habeas corpus proceeding, the Petitioner contends that his conviction is void because it is based on an indictment so defective that the trial court was without jurisdiction to enter the judgment of

conviction. The habeas corpus court summarily dismissed the Petitioner's claim for relief, and this appeal followed.

*Standard of Review*

The decision to grant habeas corpus relief is a question of law. Thus, our Court's standard of review is de novo, with no presumption of correctness. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000); Killingsworth v. Ted Russell Ford, Inc., 205 S.W.3d 406, 408 (Tenn. 2006)).

*Analysis*

Under the United States and Tennessee Constitutions, a convicted criminal enjoys the right to pursue habeas corpus relief. U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15. In Tennessee, however, this right has been governed by statute for over a century. See Ussery v. Avery, 432 S.W.2d 656, 657 (Tenn. 1968); Tenn. Code Ann. § 29-21-101(a) (Supp. 2009) ("Any person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in subsection (b) and in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint.").

In Tennessee, the "grounds upon which habeas corpus relief will be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Moreover, "the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer v. State, 851 S.W.2d 157, 161-64 (Tenn. 1993)). On the other hand, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes, 978 S.W.2d at 529). A petitioner must prove that his or her judgment is void or that his or her sentence has expired by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

A habeas corpus court may dismiss a petition for habeas corpus relief summarily "[w]hen the habeas corpus petition fails to demonstrate that the judgment is void." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004) (citing Tenn. Code Ann. § 29-21-109 (2000); Dixon v. Holland, 70 S.W.3d 33, 36 (Tenn. 2002)).

"[T]he validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the [trial] court of jurisdiction." Dykes, 978 S.W.2d at 529. However, so long as the indictment performs its essential constitutional and statutory purposes, habeas corpus relief is not warranted. Id. (citing State v. Hill, 954 S.W.2d 725, 729 (Tenn. 1997)).

An indictment passes constitutional muster when it provides (1) notice of the charge against which the accused must defend himself; (2) an adequate basis for the entry of a proper judgment; and (3) protection of the accused from double jeopardy. Hill, 954 S.W.2d at 727. Additionally, an indictment satisfies statutory requirements when it

> state[s] the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment[.]

Tenn. Code Ann. § 40-13-202 (1997). Moreover, as a general rule, it is sufficient to state the offense charged in the words of the statute or words which are equivalent to the words contained in the statute. State v. Tate, 912 S.W.2d 785, 789 (Tenn. Crim. App. 1995) (internal citations omitted).

In this case, the indictment setting forth the charge upon which the Petitioner was convicted provided as follows:

> The Grand Jurors of Davidson County, Tennessee, duly impaneled and sworn, upon their oath, present that: Michael Anthony Lewis . . . on the 14th day of June, 2001, in Davidson County, Tennessee and before the finding of this indictment, did intentionally, and with premeditation attempt to kill Wesley Charles Tilley, in violation of Tennessee Code Annotated § 39-13-202 and § 39-12-201, and against the peace and dignity of the State of Tennessee.

The Petitioner alleges that the indictment is fatally defective because it fails to include any description of an overt act and because it includes a reference to Tennessee Code Annotated section 39-12-201, the full text of which is "This part shall be known and may be cited as the 'Racketeer Influenced and Corrupt Organization Act of 1989.'" Tenn. Code Ann. § 39-12-201 (1997).

Tennessee Code Annotated section 39-13-202 provides that "[f]irst degree murder is . . . [a] premeditated and intentional killing of another." Tenn. Code Ann. § 39-13-202(a)(1)

3

(Supp. 2001). Thus, the indictment tracks the language of the relevant statute. However, when a defendant is charged with criminal attempt to commit a specific crime, see id. § 39-12-101 (1997), the Petitioner is correct that the indictment "must allege some overt act committed toward the commission of the offense." State v. Lewis, 36 S.W.3d 88, 97 (Tenn. Crim. App. 2000) (citations omitted).

This Court previously has addressed the issue of whether an indictment is fatally defective because it does not include a specific description of how the accused attempted to kill the victim and found it to be without merit. See James R. Twitty v. Howard Carlton, Warden, No. 03C01-9707-CR-00310, 1999 WL 2832, at *2 (Tenn. Crim. App. Jan. 6, 1999), perm. app. denied (Tenn. June 21, 1999). In Twitty, the petitioner was convicted of attempt to commit first degree premeditated murder on the basis of an indictment charging that he "did unlawfully, deliberately and with premeditation attempt to kill [the victim], in violation of Section 39-12-101, Tennessee Code Annotated." Id. The petitioner sought habeas corpus relief on the basis that the indictment failed to "allege any injury to the victim, nor [did] it allege any type of weapon used for the attempted murder." Id. This Court found the petitioner's contention to be without merit, holding that "the indictment properly charges him with the commission of a substantive offense, attempt to commit murder in the first degree." Id. (citation omitted).

We reach the same conclusion here. The indictment charged the Petitioner not simply with criminal attempt, but with "attempt to kill" the victim, "intentionally, and with premeditation." This language was sufficient to allege an overt act. See Wyatt v. State, 24 S.W.3d 319, 324-25 (Tenn. 2000) (holding that an indictment alleging that the defendant "did . . . attempt to kill" was sufficient to (1) allege an overt act as required by the criminal attempt statute, (2) notify the defendant of the accused crime, (3) confer jurisdiction on the trial court, and (4) protect against double jeopardy). The Petitioner is entitled to no relief on this basis.

The Petitioner also is entitled to no relief on the basis that the indictment included a reference to Tennessee Code Annotated section 39-12-201. First, an indictment's reference to an incorrect statute is mere surplusage and does not render the indictment fatally defective. See McCracken v. State, 489 S.W.2d 48, 51 (Tenn. Crim. App. 1972); State v. Roger Eugene Daly, No. M2010-00535-CCA-R3-CD, 2011 WL 2418829, at *11 (Tenn. Crim. App. June 10, 2011). Second, it appears that the reference to section 39-12-*2*01 is merely a clerical error, as the statute proscribing the crime of criminal attempt is codified at section 39-12-*1*01. See Tenn. Code Ann. § 39-12-101 (1997). A clerical error in an indictment does not render the indictment fatally defective. See Cole v. State, 512 S.W.2d 598, 601-02 (Tenn. Crim. App. 1974); McCracken, 489 S.W.2d at 51; State v. Wade Tyler, No. M2009-01762-CCA-

4

R3-CD, 2011 WL 300145, at *8 (Tenn. Crim. App. Jan. 21, 2011), <u>perm. app. denied</u> (Tenn. Aug. 5, 2011).

Finally, the Petitioner also complains that the habeas corpus court did not grant him sufficient time to respond to the State's motion to dismiss his petition. We hold that the habeas corpus court committed no error in granting the State's motion four days after it was filed. The Petitioner's claim rested upon the language of the indictment. The Petitioner provided this language with his petition. Accordingly, there was no need for the Petitioner to have additional time to respond to the State's motion to dismiss. The Petitioner is not entitled to relief on this basis.

In sum, we hold that the indictment was sufficient. It set forth the crime of criminal attempt to commit first degree premeditated murder in the words of the statute, named the victim, and named the month and year of the offense. The indictment also made accurate reference to the statute proscribing first degree premeditated murder. <u>See</u> <u>State v. Sledge</u>, 15 S.W.3d 93, 95 (Tenn. 2000) (recognizing that "specific reference to a statute within the indictment may be sufficient to place the accused on notice of the charged offense") (citations omitted). Thus, the indictment notified the Petitioner that he was being prosecuted for the attempted first degree murder of the victim, provided an adequate basis for the entry of a proper judgment, and protected the Petitioner from double jeopardy. <u>See</u> <u>Hill</u>, 954 S.W.2d at 727. The indictment stated the facts constituting the offense of attempt to commit first degree premeditated murder in ordinary and concise language that enabled a person of common understanding to know he was being charged with that crime, and it described the offense with sufficient certainty to enable the trial court, on conviction, to pronounce the proper judgment. <u>See</u> Tenn. Code Ann. § 40-13-202 (1997). Accordingly, the Petitioner is not entitled to habeas corpus relief on this basis.

## Conclusion

For the reasons set forth above, we affirm the habeas corpus court's summary dismissal of the Petitioner's petition for writ of habeas corpus.

_____
JEFFREY S. BIVINS, JUDGE

5